UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HARRIER TECHNOLOGIES, INC., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:12-cv-00167-WWE |
| | : | |
| CPA GLOBAL LIMITED, | : | |
|     Defendant. | : | |

### MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS

Defendant CPA Global Limited ("CPA Global") has moved to dismiss this action for lack of subject matter jurisdiction or, alternatively, for failure to join an indispensable party pursuant to Rule 12(b)(1) and 12(b)(7) respectively. For the following reasons, defendant's motion to dismiss will be denied.

### BACKGROUND

For purposes of ruling on this motion to dismiss, the Court accepts the allegations of the complaint as true and draws all inferences in favor of plaintiff.

Plaintiff Harrier Technologies ("Harrier") originally sued both CPA Global and CPA North America, LLC ("CPA North America") alleging breach of agreement, breach of fiduciary duty, and professional negligence, all stemming from defendants' alleged failure to renew plaintiff's patent filings. Defendant moved to dismiss for lack of subject matter jurisdiction because plaintiff and CPA North America were both citizens of Delaware. The same day, instead of opposing defendant's motion, plaintiff moved to amend its complaint to drop CPA North America and all but the breach of agreement count. The Court granted plaintiff's motion to amend before defendant had a chance to respond, but defendant did not file a response or otherwise object. Defendant now argues for the first time that CPA North America is an

indispensable party.  Further, defendant contends that the Court must assess whether CPA North America is an indispensable party by looking exclusively to the original complaint.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).   A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Rule 15(a) sets forth a policy in favor of granting leave to amend, stating that "leave shall be freely given when justice so requires."  The Second Circuit has applied this policy liberally, permitting a plaintiff to amend his complaint to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship. Jaser v. New York Property Ins. Underwriting Ass'n, 815 F.2d 240, 243 (2d Cir. 1987).  Furthermore, "[i]t is well settled that Rule 21 authorizes courts to drop a dispensable nondiverse party at any time, even after judgment has been rendered, as long as doing so would not prejudice any of the remaining parties." Call Center Technologies, Inc. v. Grand Adventures Tour & Travel Pub. Corp., 635 F.3d 48, 51 (2d Cir. 2011).  "It is also well established that when the question is subject matter jurisdiction, the

court is permitted to rely on information beyond the face of the complaint." St. Paul Fire and Marine Insurance Company v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005). "Regardless of the procedural vehicle for the motion, unless it appears that a non-diverse defendant cannot be dropped from an action without prejudice to the remaining defendants, the motion should be granted and a failure to do so is an abuse of discretion." Kerr v. Compagnie De Ultramar, 250 F.2d 860, 864 (2d Cir. 1958).

The federal rules instruct courts to determine whether an action may in "equity and good conscience" proceed without a nonjoined party. Fed. R. Civ. P. 19(b). "The phrase 'good conscience' implies a careful and constructive consideration of those parties that are necessary to the litigation. As a consequence, very few cases should be terminated due to the absence of nondiverse parties unless there has been a reasoned determination that their nonjoinder makes just resolution of the action impossible." Jaser, 815 F.2d at 242.

The inquiry under Rule 19 for joinder of a party is a three-step process. See, e.g., Equal Emp't Opportunity Comm'n v. Peabody W. Coal Co., 610 F.3d 1070, 1078 (9th Cir. 2010). The first step is to determine whether the absent party is a "required" party under Rule 19(a). Id. If the absent party is a "required" party, the second step is to determine whether joinder of the absent party is feasible without destroying subject matter jurisdiction. Id. If joinder is not feasible, the court must proceed to the third step to decide whether the absent party is indispensable. Id. As CPA North America cannot be joined without destroying subject matter jurisdiction, it is not necessary to consider step two.

Rule 19(a)(1) prescribes three situations in which the absent party will be found to meet the definition of required party. First, under the "complete relief" clause of 19(a)(1)(A), the

3

absent party is required if without joinder, "the court cannot accord complete relief among the existing parties." Second, under the "impair or impede" clause of Rule 19(a)(1)(B)(i), the absent party is required if it "claims an interest relating to the subject of the action" and is so situated that nonjoinder may "as a practical matter impair or impede the person's ability to protect the interest." Third, under the "multiple liability" clause of Rule 19(a)(1)(B)(ii), the absent party is required if nonjoinder would expose an existing party "to substantial risk of incurring double, multiple or otherwise inconsistent obligations."

The term "complete relief" refers only "to relief as between the persons already parties and not as between a party and the absent party whose joinder is sought." Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York, 762 F.2d 205, 209 (2d Cir. 1985). Here, the Court can grant complete relief between the existing parties, CPA Global and Harrier.

The "multiple liability" clause is concerned with the possibility of exposing an existing party, here CPA Global, to a substantial risk of incurring double, multiple or otherwise inconsistent obligations. Here, CPA Global does not suggest that it runs the risk of multiple liabilities. "If [CPA Global] is held not liable in the federal action, it cannot be liable under principles of issue and claim preclusion in the state court action. But if [CPA Global] is held liable, the result will bind it only in its dispute with [Harrier], and it will remain free to claim contribution or indemnity from [CPA North America]." Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 411 (3d Cir. 1993)

Under the "impair and impede" clause, plaintiff contends that CPA North America would not be impaired or impeded because its interests are identical to those of CPA Global. Plaintiff argues, therefore, that CPA North America's interests are adequately protected by CPA Global.

4

Nevertheless, CPA Global and CPA North America are separate entities.  Whether CPA Global breached an agreement with plaintiff is not dispositive of whether CPA North America similarly breached.  Therefore, theoretical commonality of interest is insufficient to demonstrate that CPA North America's interests will not be impaired or impeded.  Nonetheless, the Third Circuit has held that the mere possibility that its decision in a current action would be a persuasive precedent in any subsequent state action against the absent party does not impair or impede the party's ability to protect its interests.  Janney, 11 F.3d at 411.  "The case law and commentary that supports the proposition that one co-obligor may be sued without joinder of its co-obligors implicitly supports the proposition that issue preclusion for or against an absent co-obligor is not a consequence of any final decision for or against the co-obligor who is present as a party in a contract action." Id. at 410.  While the Second Circuit has not dealt specifically with this issue, this Court is inclined to follow the Third Circuit's precedent.  Furthermore, regardless of whether CPA North America is considered a required party under Rule 19(a), the Court finds that CPA North America is dispensable under Rule 19(b) for the reasons set forth below.

When a party is considered necessary and joinder is not feasible, the Court proceeds to the Rule 19(b) analysis. Rule 19(b) requires that the Court "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party being thus regarded as indispensable."  Fed. R. Civ. P. 19(b); Reliance Insurance Co. v. Polyvision Corp., 474 F.3d 54, 59 (2d Cir. 2007).

The criteria for determining whether a party is dispensable are set forth in Rule 19(b): (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties, (2) the extent to which, by protective provisions in the judgment, by the shaping

5

of relief, or other measures, the prejudice can be lessened or avoided, (3) whether a judgment rendered in the person's absence will be adequate, and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Jaser, 815 F.2d at 243. These factors are non-exclusive and the Court's determination must be specific. Republic of Philippines v. Pimental, 553 U.S. 851, 862-63 (2008).

First, defendant argues that unless CPA North America is joined to this action, plaintiff may be allowed to have "two bites at the litigation apple." Defendant worries that if plaintiff fails under this theory of liability, plaintiff may try to sue CPA North America later under other theories. Thus, the CPA corporate group, as a whole, has an interest in avoiding multiple litigations of this matter. Second, defendant asserts that the only way to protect against the above prejudices is to foreclose CPA North America from any and all liability arising from the transaction or occurrence at issue. Nevertheless, defendant's "claimed prejudice is not greater than that involved whenever a plaintiff chooses to sue some, but not all, of those who might be found jointly and severally liable." Samaha v. Presbyterian Hosp. In City of New York, 757 F.2d 529, 531 (2d Cir. 1985). Indeed, the Second Circuit has construed Rule 19 as *not* mandating joinder even in the case of joint obligors. Tehran-Berkeley Civil and Environmental Engineers v. Tippetts-Abbett-McCarthy-Stratton, 888 F.2d 239, 243 (2d Cir. 1989); Greenleaf v. Safeway Trails, Inc., 140 F.2d 889, 890-91 (2d Cir. 1944).

Finally, defendant contends that a judgment rendered without CPA North America would be inadequate and that plaintiff will have an adequate remedy if the action is dismissed for nonjoinder because plaintiff could have filed its original complaint in the Connecticut Superior Court instead. Courts read Rule 19(b)'s third criterion to refer to the public stake in settling

disputes by wholes, whenever possible, <u>Provident Tradesmens Bank & Trust Co. v. Patterson</u>, 390 U.S. 102, 111 (1968), but the Second Circuit "has recognized that when federal diversity jurisdiction will exist if nondiverse parties are dropped, the bare fact that a state court forum is available does not, by itself, make it appropriate to dismiss the federal action." <u>Samaha</u>, 757 F.2d at 531.

After careful consideration, the Court finds that defendant has not met the heavy burden established in this Circuit of showing that nonjoinder of CPA North America makes just resolution of the action impossible. <u>See</u> <u>Jaser</u>, 815 F.2d at 242. As CPA North America is not an indispensable party, defendant's motion to dismiss will be denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is DENIED.


Dated this 5th day of February, 2013, at Bridgeport, Connecticut.


                                                /s/
                                    WARREN W. EGINTON
                                    SENIOR UNITED STATES DISTRICT JUDGE