```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

HARRIER TECHNOLOGIES, INC.    :
                              :
                              :
v.                            :      CIV. NO. 3:12CV167 (WWE)
                              :
CPA GLOBAL LIMITED and        :
CPA GLOBAL NORTH AMERICA, LLC :
```

### RULING ON CPA GLOBAL LIMITED'S MOTION FOR PROTECTIVE ORDER [DOC. #127]

Defendant and third-party plaintiff CPA Global Limited ("CPA") moves for a protective order: (1) requiring that its 30(b)(6) deposition take place in London; and (2) limiting the deposition to one seven-hour session per party, to be held on consecutive days. [Doc. #127]. On August 18, 2014, the Court held a telephone conference addressing the motion for protective order in which counsel for plaintiff Harrier Technologies, Inc. ("Harrier"), CPA, and defendant/third-party defendant Kenyon & Kenyon LLP ("Kenyon") participated. During the August 18, 2014 telephone conference Harrier Technologies and Kenyon objected to the motion for protective order. On September 11, 2014, the Court heard further argument on the motion for protective order. For the reasons articulated below, the Court **DENIES** CPA's motion for protective order. The Court will require CPA's 30(b)(6) deposition to take place in New York, New York on consecutive days, and will require the parties to split the reasonable costs associated with the witness's travel and lodging.

1.  **Background**

    Plaintiff Harrier is a designer and developer of technology used in the oil industry, and CPA is a worldwide intellectual

property management company that provides patent renewal services. Kenyon is an intellectual property law firm that for some period handled plaintiff's U.S. and foreign patent filings. Plaintiff alleges that defendants CPA and/or Kenyon failed to make timely annuity payments for a Harrier patent application filed in Saudi Arabia, leading to the permanent loss of the patent rights in that country. CPA has filed a third-party indemnification complaint against Kenyon.

The present dispute concerns the location of CPA's 30(b)(6) deposition.[1] Harrier previously noticed CPA's 30(b)(6) deposition to occur in New York. When that deposition did not go forward, Kenyon cross-noticed CPA's 30(b)(6) deposition, also to occur in New York. CPA objected to the New York location, and thereafter agreed with Harrier and Kenyon that the deposition would occur in London. Kenyon has since taken the position that attending the deposition in London would be unduly burdensome. On June 6, 2014, Kenyon noticed CPA's 30(b)(6) deposition to take place on August 31, 2014 in Hartford, Connecticut. CPA now seeks a protective order specifying the location and manner of CPA's 30(b)(6) deposition.

**2. Applicable Law**

A. <u>Protective Orders, Generally</u>

Notwithstanding the breadth of the discovery rules, the district courts are afforded discretion under Rule 26(c) to issue protective orders limiting the scope of discovery. <u>Dove v.</u>

---

[1] According to the second amended complaint, CPA "is a corporation registered to do business in the Island of Jersey, Channel Islands, with a place of business at Liberation House, Castle Street, St. Helier, JE1 1BL, Jersey, Channel Islands." [Doc. #73, ¶2].

Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) ("[t]he grant and nature of protection is singularly within the discretion of the district court...."). When the party seeking the protective order demonstrates good cause, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the disclosure or discovery not be had." Fed. R. Civ. P. 26(c)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Chamberlain v. Farmington Sav. Bank, 247 F.R.D. 288, 289 (D. Conn. Nov. 30, 2007) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

   B. Deposition Location, Generally

"The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when… the corporation is the defendant. This presumption is based on the concept that it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum." Morin v. Nationwide Credit Union, 229 F.R.D. 362, 363 (D. Conn. 2005) (emphasis in original; citations omitted); see also Buzzeo v. Bd. of Educ. Hempstead, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) ("Where a corporation is involved as a party to the litigation, there is a general presumption in favor of conducting depositions of a corporation in its principal place of business."). "Generally, when the plaintiff seeks to depose the defendant at a location other than the defendant's place of business and the defendant objects, the plaintiff has the

3

affirmative burden of demonstrating 'peculiar' circumstances which compel the court to order the depositions to be held in an alternate location." Morin, 229 F.R.D. at 363 (compiling cases).

"Conversely, corporate defendants are frequently deposed in places either than the location of the principal place of business, especially in the forum, for the convenience of all the parties and the general interests of judicial economy." Buzzeo, 178 F.R.D. at 392 (citation and internal quotations omitted). In determining where to conduct the deposition of a corporate defendant, courts look at three factors: cost, convenience and litigation efficiency. Id. (compiling cases). "Because courts retain substantial discretion to designate the site of a deposition, the presumption appears to be merely a decisional rule that facilitate determination when other relevant factors do not favor one side over the other." Id. (citations omitted).

**3.   Discussion**

　　A. <u>Enforcement of Parties' Agreement that CPA's 30(b)(6) deposition occur in London</u>

CPA first argues that the Court should enforce the parties' stipulation that its 30(b)(6) deposition occur in London. During the August 18, 2014 telephone conference, Kenyon indicated that it had initially agreed to the London location, but after reviewing the costs associated with traveling, had reconsidered its position. Although the Court encourages parties to enter stipulations with respect to discovery disputes and is hesitant in this case to permit Kenyon and Harrier to break such an agreement, in light of the Court's findings below with respect

4

to cost, convenience, and litigation efficiency, the Court declines on the current record to enforce the stipulation.

    B. <u>Location of CPA's 30(b)(6) Deposition</u>

Plaintiff next argues that CPA's 30(b)(6) deposition should occur in London because it is a foreign defendant and did not chose the forum of this litigation. During the August 18, 2014 telephone conference, counsel for Kenyon argued that CPA is not only a defendant, but a third-party plaintiff as it relates to Kenyon. Kenyon further argued that because CPA's third-party indemnification complaint is permissive, then CPA's 30(b)(6) deposition should take place in Connecticut. Counsel for both CPA and Kenyon argued against taking the deposition in London for several other reasons, including the cost of travel and the time difference between London and Connecticut.

In terms of the factors that the Court should consider, cost, convenience, and litigation efficiency all weigh in favor of holding CPA's 30(b)(6) deposition in the United States. First, with respect to cost, counsel for Kenyon represented that as of August 18, 2014, one round trip ticket to London from New York City cost $1,875. Kenyon anticipates that one attorney and one client representative will attend the deposition. Harrier anticipates that one attorney, one client representative, and "possibly" one associate will attend. CPA represents that only one attorney will attend. Not including the cost of hotels and meals, holding the 30(b)(6) deposition in London would cost close to $12,000 for airline tickets alone.  Conversely, only one individual's travel and lodging would be required if CPA's

5

30(b)(6) deposition were held in the United States.

The factors of convenience and litigation efficiency also weigh in favor of holding the deposition stateside. The Court credits Harrier and Kenyon's arguments that should objections arise during the course of the deposition, the time difference between London and Connecticut would make it virtually impossible for the Court to address any objections. See Custom Form Mfg., Inc. v. Omron Corp, 196 F.R.D. 333, 336-37 (N.D. Ind. 2000) (finding the best way to protect the discovery process and to avoid potential sovereignty issues was to compel Japanese corporate defendant's 30(b)(6) deposition to take place in the United States). The Court further notes that every attorney of record is based either in New York or Connecticut.

Further supporting the Court's conclusion that the 30(b)(6) deposition should occur stateside, CPA has failed to provide any evidence suggesting that its witness would face any undue hardship by traveling for his deposition. Although the Court appreciates the inconveniences of international travel, here the record is silent with respect to any undue burden the witness may face. Moreover, there is no evidence suggesting that CPA will face difficulty in the witness's limited absence.

As other federal courts have noted, "When a foreign corporation is doing business in the United States, is subject to the Court's jurisdiction, and has freely taken advantage of our federal rules of discovery, exceptions to the general rule on the location of depositions are often made." Custom Form, 196 F.R.D. at 336 (compiling cases); see also Sugarhill Records,

6

Ltd. v. Motown Record Corp, 105 F.R.D. 166, 171 (S.D.N.Y. 1985) ("Corporate defendants are frequently deposed in places other than the location of the principal place of business, especially in the forum, for the convenience of all parties and in the general interests of judicial economy."). Therefore, the Court orders that CPA's 30(b)(6) deposition occur in New York City. Although Kenyon has noticed the deposition for Hartford, New York is more conveniently located to two international airports with regular flights to London. The parties will split the reasonable costs of CPA's 30(b)(6) witness's travel and lodging, including airfare, transportation to and from the airport in New York, hotel accommodations, and two meals per day. See, e.g., id. at 338 (compiling cases)("One means of dealing with disputes caused by depositions in foreign countries is through orders providing that a party bear all or a portion of expenses incurred because the deposition is held in the locale chosen by that party."). Should any disputes arise with respect to the reimbursement of such expenses, the parties should contact the Court for a telephone conference.[2]

    C. Manner of 30(b)(6) Deposition

CPA also seeks a protective order limiting its 30(b)(6) deposition to two consecutive seven hour days. Kenyon objects to being presumptively limited to only one 30(b)(6) notice for CPA. As an initial matter, judicial economy and convenience dictates that Harrier and CPA conduct their 30(b)(6) depositions on

---

[2] In light of the above analysis, the Court need not reach Kenyon's argument that CPA is a "plaintiff" as it relates to Kenyon for purposes of the 30(b)(6) deposition.

consecutive days. Therefore, the parties will coordinate the scheduling of these depositions accordingly.

"Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The Court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). The Court is not inclined to presumptively limit Kenyon to one seven day deposition. However, because CPA's witness will be traveling from London, if Kenyon seeks additional time to depose the witness, the Court will require Kenyon to specifically identify the areas of testimony sought and the anticipated time required to complete the deposition. Additionally, the Court strongly encourages the parties to use best efforts to complete the deposition for this witness in the time frame permitted by Rule 30(d)(1). Finally, should Kenyon require additional time to depose CPA's 30(b)(6) witness, the Court will not hesitate to require that any continued deposition be held via video-conference or some other means which will not require the witness to travel a second time.

## 4.   Conclusion

Accordingly, CPA's motion for protective order [Doc. #127] is **DENIED**. This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §

636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 11th day of September 2014.


　　　　　　　　　　　　　　____/s/_____
　　　　　　　　　　　　　　HOLLY B. FITZSIMMONS
　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE