UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HARRIER TECHNOLOGIES, INC., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CPA GLOBAL LIMITED, | : | 3:12-cv-00167-WWE |
|     Defendant and | : | |
|     Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KENYON & KENYON, LLP, | : | |
|     Defendant and | : | |
|     Third-Party Defendant. | : | |

**MEMORANDUM OF DECISION ON THIRD-PARTY PLAINTIFF'S MOTION TO DISMISS THIRD PARTY DEFENDANT'S COUNTERCLAIM**

In this action, the underlying plaintiff Harrier Technologies, Inc. ("Harrier") alleges that Kenyon & Kenyon, LLP ("Kenyon") is liable to it for breach of fiduciary duty and fraud. Kenyon has filed a counterclaim for indemnification against CPA Global Limited ("CPA"). CPA has filed a motion to dismiss the counterclaim for failure to state a claim. For the following reasons, CPA's motion to dismiss will be granted.

**BACKGROUND**

Harrier is a company that designs and develops technology for use in the petroleum industry. It has protected its technology with a series of patent filings on a worldwide basis. CPA is a worldwide intellectual property management company that provides patent renewal services. Kenyon is a law firm that focuses on intellectual property and was retained by Harrier to file various patent applications.

In the underlying complaint, Harrier alleges that Kenyon owed it a fiduciary duty as

Harrier's law firm.  Harrier further alleges that Kenyon breached its fiduciary duty by intentionally concealing from Harrier Kenyon's knowledge that Harrier's Saudi patent application had lapsed in 2006 and misleading Harrier about Kenyon's responsibility for the lapse.  Finally, Harrier alleges that Kenyon fraudulently concealed from Harrier both the lapse and Kenyon's responsibility for the lapse.

In response to CPA's third-party complaint against it, Kenyon filed a counterclaim against CPA alleging that Kenyon is entitled to indemnification from CPA for all sums that may be adjudged against Kenyon in Harrier's favor in the underlying lawsuit.  CPA has now moved to dismiss Kenyon's counterclaim for failure to state a claim.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Indemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest.  If Kenyon has any right of indemnity against CPA, it arises by

operation of law and not under any express provision of a contract. See Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 409-11 (1965).

Connecticut courts have distinguished between active or primary negligence and passive or secondary negligence. Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 697 (1997). A party who is only secondarily negligent may recover from a third party whose negligence is primary. Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573 (1982).

> In Kaplan v. Merberg Wrecking Corporation, supra, this court set forth the essential elements for finding that a party has been primarily negligent: (1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence.

Id.

Kenyon alleges that to the extent that any entity other than Harrier was responsible for the lapse of the Saudi patent application, CPA's own negligence, rather than any other negligence, was the direct and immediate cause of that lapse. Here, however, Kenyon is not facing claims of negligence. Kenyon's alleged wrongful concealment after the fact rather than any initial responsibility for the lapse is at issue through Harrier's counts of breach of fiduciary duty (Count II) and fraud (Count III).[1] Although Count II of Harrier's complaint does allege that Kenyon breached its fiduciary duty to Harrier by, *inter alia,* failing to timely pay the annuity, such failure, as a matter of law, does not fall within the realm of fiduciary duty in Connecticut. See Beverly Hills Concepts, Inc. v. Schatz and Schatz, Ribicoff and Kotkin, 247 Conn. 48, 57 (1998) (holding that "[p]rofessional negligence implicates a duty of care, while breach of a fiduciary duty

---

[1]These are the only two counts asserted by Harrier against Kenyon.

3

implicates a duty of loyalty and honesty."). Simply put, the argument that CPA's negligence in failing to renew the patent application was primarily responsible for Kenyon's alleged dishonesty and deception toward Harrier cannot stand. CPA cannot have been in exclusive control of Kenyon's alleged concealment and dishonesty to its client. See Skuzinski 240 Conn at 706 (finding that liquor store's exercise of exclusive control over a sidewalk, by failing to remove its snow cover, cannot be equated to the exercise of exclusive control over 'the situation,' – an accident caused by an unrelated party occurring in the adjoining public roadway). Moreover, if Kenyon is to be held liable to Harrier for concealing knowledge about the lapse of the Saudi patent application, and as Kenyon contends, CPA's negligence caused the lapse, it would necessitate a finding that Kenyon knew of CPA's negligence in causing the Saudi patent application to lapse. Therefore, Kenyon cannot satisfy the fourth element of a common law indemnification claim – that a party seeking indemnification did not know of the third-party's negligence. Accordingly, Kenyon has failed to state a plausible claim for indemnification against CPA.

## CONCLUSION

For the foregoing reasons, CPA's motion to dismiss Kenyon's counterclaim is GRANTED.

Dated this 2nd day of December, 2014, at Bridgeport, Connecticut.

       /s/Warren W. Eginton
       WARREN W. EGINTON
       SENIOR UNITED STATES DISTRICT JUDGE